UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH A. FERRARA, SR., FRANK H.
FINKEL, MARC HERBST, THOMAS N. PIALI,
DENISE RICHARDSON, ANTHONY D'AQUILA,
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the
Local 282 Welfare Trust Fund, the Local 282
Pension Trust Fund, the Local 282 Annuity Trust
Fund, the Local 282 Job Training Trust Fund,
and the Local 282 Vacation and Sick Leave Trust
Fund.

        Plaintiff,      **MEMORANDUM AND ORDER**

   -against-         09-CV-5352 (SLT) (ALC)

CORONA & SON TRUCKING, INC,

        Defendants.
-------------------------------------------------------x

**TOWNES, United States District Judge:**

   Plaintiffs are trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, the "Funds" or "plaintiff"). They filed this action on December 8, 2009 alleging a violation of sections 502(a)(3) and 515 of the Employee Retirement Security Act, 29 U.S.C. Secs. 1332(a)(3), 1145 ("ERISA"). The complaint alleges that defendant Corona & Sons Trucking, Inc. ("defendant") is liable for increased employer contributions to the Funds on the basis of its failure to properly submit to Plaintiffs' audit request. Defendant was properly served but failed to answer or move in any regard with respect to the complaint. On April 8, 2010, Plaintiffs moved for default judgment, and the Clerk of the Court mad a notation of default pursuant to Federal Rule of Civil Procedure 55(a). By order dated April 12, 2010, this Court referred plaintiffs' motion to Magistrate Judge

Andrew L. Carter.

On October 27, 2010, Judge Carter issued his report and recommendation ("R&R"), recommending that default be entered in this case in favor of the Fund in the amount of $107,747.23 plus applicable interest, and $2,763.00 in attorneys' fees. The R&R also recommended that this Court deny Plaintiff's motion for injunctive relief. The R&R advised defendants that any objections must be filed with the Clerk of Court within fourteen (14) days of the receipt of the R&R. R&R at 9. However, as of the date of this Memorandum and Order, defendants have neither filed objections to the R&R nor requested an extension of time in which to do so.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

This Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Carter's Report and Recommendation dated October 27, 2010, recommending 1) that plaintiff's motion for default judgment be granted and that default be entered against defendant Corona & Son Trucking, Inc. in the amount of $107, 747.23 plus applicable interest, and $2,763.00 in attorneys' fees; and 2) that plaintiff's motion for injunctive relief be denied, is adopted in its entirety. This Court will enter judgment in favor of plaintiffs and against defendant Corona & Son Trucking, Inc.

SO ORDERED.

/s/
SANDRA L. TOWNES
United States District Judge

Dated: December 29, 2010
       Brooklyn, New York